# IN THE COURT OF APPEALS OF IOWA

No. 14-0810
Filed September 17, 2014

**IN THE INTEREST OF T.J.,**
**Minor Child,**

**R.J., Mother,**
**Appellant.**
_____

Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

A mother appeals the termination of her parental rights to her child, born in 2012. **AFFIRMED.**

Megan R. Rosenberg of Hobson Cady & Cady, P.L.C., Hampton, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Dan Wiechmann, County Attorney, and Brent J. Symens, Assistant County Attorney, for appellee State.

Randy Johansen, Sheffield, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

A mother appeals the termination of her parental rights to her child, born in 2012. She contends the district court should not have terminated her parental rights pursuant to Iowa Code section 232.116(1)(h), requiring proof of several elements, including proof that the child could not be returned to her custody. Iowa Code § 232.116(1) (2013). She also contends termination was not in the child's best interests.

*I.* Our de novo review of the record reveals the following facts. The mother has a history of alcohol abuse that resulted in the revocation of her driver's license. She drove nonetheless, with three children in the car. The vehicle crashed and one of the children was seriously injured. Testing revealed that the mother had blood alcohol content of more than twice the legal limit.

The child involved in this appeal was removed from the mother's care and was placed in foster care. The State charged the mother with several crimes, and she eventually pled guilty to child endangerment, serious injury by vehicle, and operating a motor vehicle while intoxicated (third offense). The district court sentenced the mother to prison terms not exceeding fifteen years, with two to be served concurrently. Her tentative discharge date was July 2018. Given the mother's incarceration, the child could not be returned to her custody.

The mother nonetheless contends that she anticipated an imminent release from prison and the court should have denied the termination petition on this basis. However, section 232.116(1)(h) does not refer to an "imminent" return of custody. The statute requires proof "the child cannot be returned to the custody of the child's parents . . . at the present time." *Id.* "Present time" is the

time of the termination hearing. *See In re C.B.*, 611 N.W.2d 489, 494-95 (Iowa 2000) (holding termination of mother's rights appropriate where at time of hearing, it would be another year until children could be safely returned); *see also In re A.M.S.*, 419 N.W.2d 723, 726 (Iowa 1988) ("The proof must only show that any of the alleged definitional grounds of a child in need of assistance . . . exist at the time of the termination hearing."). The mother was incarcerated as of the termination hearing.

Even if section 232.116(1)(h) could be read to afford a parent a short time to prepare for a child's return, the mother was not in a position to avail herself of this opportunity. At the time of the termination hearing, she had yet to begin an eight-week substance-abuse program. While she expected to start the program on the evening of the termination hearing, it would be weeks before professionals could evaluate her progress. Additionally, the mother's prospects for release were not as rosy as she asserted. Although she testified her prison counselor would "run [her] up in front of the parole board" during the fifth week of the substance abuse program, she acknowledged the purpose of the parole board appearance was simply to "get classified" and to receive information on "what you need to do before they can let you leave." She also admitted she would have to spend approximately thirty days at a halfway house following her release. In short, the mother's release was not imminent and the district court acted appropriately in terminating her parental rights pursuant to section 232.116(1)(h).

**II.** The mother argues termination was not in the child's best interests. *See In re P.L.*, 778 N.W.2d 33, 37-39 (Iowa 2010). On our de novo review, we disagree. Following her incarceration, the mother had no contact with her child

because the prison did not allow inmate visits with victims of their crimes. On her release, she would require time to reacquaint herself with the child and address the issues that compromised the child's safety two years earlier. Under these circumstances, we conclude termination was in the child's best interests.

**AFFIRMED.**